REID, Judge.
This is a suit for damages to merchandise on behalf of Royal Furniture Company and against Ryder Truck Lines, Inc., as a result of several shipments to Royal Furniture Company of various items of furniture by Ryder Truck Lines, Inc. The suit was filed on behalf of Royal Furniture Company on August 14th, 1963 and on February 21, 1964 Ryder filed an answer and reconventional demand, alleging that Royal had refused to pay the various freight charges arising out of the shipments.
The matter was heard on the merits on November 17th, 1967, and on that date the trial judge gave oral reasons for judgment allowing recovery for the plaintiff, in the amount of $15.10, for the value of a bar stool minus $5.00 which Royal received for the sale of the damaged merchandise. As to the other merchandise allegedly received the Court refused to allow the plaintiff to recover. As to the reconventional demand the plaintiff in re-convention was allowed to recover the amount of the freight bill or $168.61, the plaintiff being compelled to bear the costs of the suit. Judgment was read and signed accordingly on November 20th, 1967.
On November 28th, 1967 oral motion was made by Royal Furniture Company for a suspensive and in the alternative a devolutive appeal, which said appeal was granted. The defendant-appellee, Ryder Truck Lines, Inc., filed an answer to the appeal alleging that the appeal was frivolous and asking for $150.00 attorney’s fees as a result. The plaintiff appellant specified as error the following:
“1. The Trial Court rendered its decision under the misconception that the rule of evidence requiring the retaining of containers is statutory and binding at law.
2. The trial court erred in applying as a rule of evidence the assertion of defendant that an inspection must be requested within fifteen days of delivery of merchandise whenever concealed damaged is alleged.”
*903 In the arguments put forth in this case much has been said regarding the status of the Regulations Governing the Inspection of Freight Before or After Delivery to Consignee and Adjustment of Claims for Loss -or Damage thereon, which are part of the rules of the National Freight Claim Council of the American Trucking Association.
The rules in question here are those which require in the case of concealed damages that an inspection must be made within fifteen days of delivery, and that the contents and containers must be held for inspection by the carrier. This Court feels that this case can be resolved without delving into the efficacy of these so called regulations.
We do not find, as is the contention of the plaintiff-appellant, that the trial court bases its decision solely upon the failure of Royal Furniture to comply with the “Regulations” or “Rules” or whatever they may be. On the contrary the trial judge in his oral reasons for judgment stated:
“by this holding the court does not mean that in every instance where the consignee failed to keep the cartons, that the consignee cannot recover for damaged merchandise; but in this particular situation, it results in the plaintiff not being able to prove its case with the burden of proof placed upon it by law, namely by the preponderance of evidence. It is not known what condition the cartons may have been in, as no testimony has been given on that subject, and they were not available for inspection by the defendant.”
From this it is obvious that the trial judge is basing his decision purely and simply upon the failure of the plaintiff to prove his case by preponderance of evidence. With this decision this court cannot in the absence of manifest error find disagreement. However neither can this court find sufficient grounds to hold that the appeal by the plaintiff-appellant is frivolous. Accordingly, for the reasons hereinabove stated the judgment of the trial court will be affirmed at appellant’s costs.
Affirmed.